I concur in the majority's disposition of assignments three through six and the judgment of reversal for purposes of either resentencing or an explanation by the trial court of why the sentence after retrial was more severe than the original sentence. As to the first and second assignments, although the trial court may have erred in its instructions to the jury during the testimony of Dr. Huston, any error was in my judgment harmless.
I understand the majority to say that the trial court's rulings as to what Dr. Huston could, and could not, testify about were all appropriate. The prejudicial error, as I understand the majority, was telling the jury that it couldn't consider Dr. Huston's testimony on the question of whether the chain wielded by Staton caused the marks depicted on the photograph of Dickson's back.
On one level, that of medical causation, this was a correct instruction, as I believe the majority would agree. However, the critical factual question for the jury was whether Staton caused the marks on Dickson's back. Dr. Huston testified that the directional pattern of marks would be different than the directional pattern of marks depicted in the photograph of Dickson's back had Staton wielded the chain as Dickson claimed he had. As such, Dr. Huston's testimony bore directly on the issue of whether Staton caused the marks on Dickson's back. The majority's concern, as I understand it, is that the instructions eviscerated the usefulness of Dr. Huston's testimony on this critical issue.
While I agree that the instructions should have been expressly confined to medical causation, I am not convinced that the actual instruction deprived Staton of a fair trial.
Dr. Huston testified that the directional pattern of marks depicted in the photograph of Dickson's back was inconsistent with the directional pattern of marks that would have been made by a chain wielded by Staton in the manner Dickson described in his testimony. The actual instruction did not denigrate this testimony, but merely instructed that "whether or not the chain in fact cause(d) these marks cannot be inferred . . . based upon this testimony." As such, the value of Dr. Huston's testimony remained largely untouched, i.e., if Staton wielded the chain as Dickson said he did, he couldn't have inflicted the injury Dickson claimed he inflicted because the wounds are in the wrong place. Staton was allowed to make full use of this testimony of Dr. Huston during closing argument, and the trial court did not revisit Dr. Huston's testimony in its final instructions to the jury.
I would affirm the judgment as it pertains to the findings of guilty.
Brogan, J., Wolff, J., and Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A) (3), of the Ohio
Constitution.